IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

       Plaintiff,               No. CIV S-09-2286 KJM EFB

    vs.

ROBERT D. HENSON, et al.,

       Defendants.         FINDINGS AND RECOMMENDATIONS
_____/

      This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default judgment against defendants Robert D. Henson and Shauna L. Henson, individually and as Trustees of the Henson Family Trust, UDT dated March 22, 2002.  On October 26, 2011, a hearing on the motion was held.  Plaintiff Scott Johnson, an attorney, appeared at the hearing and represented himself.  No appearance was made on behalf of defendants.  For the reasons that follow, and as stated on the record at the hearing, the court recommends that plaintiff's application for entry of default judgment be granted as to both defendants.

I.    BACKGROUND

      Plaintiff initiated this action on August 19, 2009, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., and the California Unruh Civil

1

Rights Act.  Compl., Dckt. No. 1.  Defendants filed an answer to the complaint on November 20, 2009.  Dckt. No. 6.  However, on July 28, 2011, after defendants' attorney failed to respond to an order to show cause why he should not be sanctioned and why defendants' answer should not be stricken because of defendants' failure to appear for a final pretrial conference and failure to participate in the preparation of a joint pretrial statement, the assigned district judge issued an order sanctioning defendants' attorney, striking defendants' answer, and directing the clerk to enter a default against defendants Robert Henson and Shauna Henson.  Dckt. No. 20.  Also on July 28, 2011, the clerk entered the default of Robert Henson and Shauna Henson.  Dckt. No. 21.

On August 22, 2011, plaintiff moved for default judgment against defendants, Dckt. No. 22, and mail served a copy of the motion on Haycock, defendants' attorney of record.  Plaintiff's motion for default judgment seeks $8,000.00 in monetary damages, based upon two occurrences of the statutory minimum of $4,000.00 per discriminatory event, as well as an injunction requiring defendants "to provide for the correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space, accessible route, accessibility signage and striping" in accordance with the ADA and the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").  *Id*. at 4-5.

II.     DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v.*

1  *Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v.*
2  *Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

3      As a general rule, once default is entered, the factual allegations of the complaint are
4  taken as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v.*
5  *Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-
6  pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary
7  facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established
8  by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

9      A.      <u>Americans with Disabilities Act</u>

10      Title III of the ADA provides that "[n]o individual shall be discriminated against on the
11  basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,
12  advantages, or accommodations of any place of public accommodation by any person who owns,
13  leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).
14  Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . .
15  where such removal is readily achievable."  *Id.* § 12182(b)(2)(A)(iv).  Under the ADA, the term
16  readily achievable means "easily accomplishable and able to be carried out without much
17  difficulty or expense."  42 U.S.C. § 12181(9).

18      "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is
19  disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,
20  or operates a place of public accommodation; and (3) the plaintiff was denied public
21  accommodations by the defendant because of her disability."  *Molski v. M.J. Cable, Inc.*, 481
22  F.3d 724, 730 (9th Cir. 2007).  Further, "[t]o succeed on a ADA claim of discrimination on
23  account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1)
24  the existing facility at the defendant's place of business presents an architectural barrier
25  prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  *Parr v. L &*
26  *L Drive-Inn Rest.*, 96 F. Supp.2d 1065, 1085 (D. Haw. 2000).

Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears the burden of proof in showing that removal of an architectural barrier is readily achievable," the Circuit, and various district courts throughout the Circuit, have often applied the burden-shifting framework set forth in *Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). *Vesecky v. Garick, Inc.*, 2008 WL 4446714, at *2 (D. Ariz. Sept. 30, 2008) (citing *Doran v. 7-Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) and various district court cases).[1] In *Colorado Cross*, the Tenth Circuit stated that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable."[2] *Colo. Cross Disability Coal.*, 264 F.3d at 1006.

Recently, in *Molski v. Foley Estates Vineyard and Winery, LLC*, 531 F.3d 1043 (9th Cir. 2008), the Circuit addressed *Colorado Cross* directly for the first time. The court declined to apply *Colorado Cross*' burden-shifting framework in the context of barrier removal from within historic buildings and instead placed the burden squarely on the defendant.[3] The court reasoned

---

[1] In *Vesecky*, 2008 WL 4446714, at *3, the district court stated that the Ninth Circuit "applied *Colo. Cross* without much discussion" in *Doran v. 7-Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) (per curiam), *withdrawn*, 524 F.3d 1034 (9th Cir. 2008). Although the opinion in *Doran* cited by the district court in *Vesecky* was subsequently withdrawn and superseded on rehearing, the portion of the opinion relied on by the court in *Vesecky* was not altered in the later *Doran* opinion. *See Doran v. 7-Eleven*, 524 F.3d 1034, 1047-48 (9th Cir. 2008).

[2] Circuit courts that have applied a burden-shifting framework to determine whether a suggested method of barrier removal is readily achievable have disagreed about the quantum of evidence that a plaintiff must produce in order to meet his initial burden of production. *Compare Colo. Cross Disability Coal.*, 264 F.3d at 1009 (requiring that plaintiff produce evidence, including evidence that a "specific design" is readily achievable and "precise cost estimates," to meet his initial burden of production), *with Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 & n.6 (2d Cir. 2008) (rejecting the *Colorado Cross* standard and requiring only that plaintiff articulate a "plausible proposal for barrier removal"). The undersigned need not address this difference in the case law on plaintiff's motion for default judgment, where the allegations in the operative complaint are, as a general matter, taken as true.

[3] Although the Ninth Circuit declined to apply the *Colorado Cross* burden-shifting framework in *Molski*, it has favorably cited *Colorado Cross* elsewhere. In *Lentini v. California*

1  that by requiring "the entity undertaking alterations [to] consult with the State Historic

2  Preservation Officer," the ADA guidelines for historic buildings place the burden on the "party

3  with the best access to information regarding the historical significance of the building" rather

4  than "on the party advocating for remedial measures."[4]   531 F.3d at 1048.

5       In *Vesecky*, a recent opinion addressing both *Colorado Cross* and *Molski*, the District of

6  Arizona stated that while it was "mindful of the informational imbalance that may exist between

7  plaintiffs and defendants with respect to the ease and cost with which architectural barriers may

8  be removed . . . until the Ninth Circuit provides additional and specific instruction to the lower

9  courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting

10  framework of *Colo. Cross*, specifically in cases where a historic building is not at issue."

11  *Vesecky*, 2008 WL 4446714, at *2.  This court agrees, especially in the context of a default

12  judgment proceeding in which defendants have not appeared.  42 U.S.C. § 12181(9).

13       Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendants' business,

14  Back to Life Massage Therapy with a parking lot located at 611 Royer St., Roseville, California,

15  is a place of public accommodation, *id.* ¶ 2; (3) that plaintiff was denied access to defendants'

16  business because of plaintiff's disability, *id.* ¶ 3; and (4) that defendants' business has

17  architectural barriers, *id.*  Additionally, although plaintiff does not *specifically* allege that

18  removal of those barriers is readily achievable, he alleges that "[a] failure to remove architectural

19  barriers and communication barriers that are structural in nature, in existing facilities [is a

20

---

21  *Center for the Arts*, 370 F.3d 837, 845 (9th Cir. 2004), the Court of Appeals cited *Colorado*

22  *Cross* for the proposition that whether a modification order will "fundamentally alter" a service
    or facility under Title III of the ADA is an affirmative defense.  The *Colorado Cross* court

23  supported its holding that the whether removal of an architectural barrier is readily achievable
    under Title III of the ADA is an affirmative defense, and its resulting application of a burden-

24  shifting test, by analogizing to the affirmative defense under the ADA's fundamental alteration
    provision.  264 F.3d at 1003-04.  The *Lentini* decision at least suggests that the Ninth Circuit is

25  not altogether hostile to the reasoning that gave rise to the *Colorado Cross* burden-shifting test.

26     [4] The court also stated that "congressional intent behind the ADA support[s] placing the
  burden of production on the defendant."  531 F.3d at 1048.

1   violation of the ADA] where such removal is readily achievable," *id.* ¶ 16 (emphasis added), and

2   his complaint also specifically states that he seeks injunctive relief "to remove all barriers to

3   access which are readily achievable. . . ." *Id.* ¶ 3.  Further, plaintiff's complaint alleges that

4   "Defendants have continued to violate the law and deny the rights of Plaintiff and of other

5   disabled persons to access this public accommodation since on or before August 19, 2009,"

6   Compl. ¶ 18, which implies that defendants have failed to remove barriers where the removal is

7   readily achievable.

8          Additionally, the injunction plaintiff seeks only requires defendants "to provide for the

9   correct number and type of properly configured disabled parking space(s) including a van

10   accessible disabled parking space, accessible route, accessibility signage and striping" in

11   accordance with the ADA and the ADAAG.  Therefore, defendants would only need to comply

12   if it is readily achievable to do so.[5]

13         Because plaintiff's allegations are taken as true on default, the court finds that plaintiff

14   has met his initial burden to state a *prima facie* Title III discrimination claim.  Additionally, the

15   court finds that the majority of the *Eitel* factors weigh in favor of granting default judgment to

16   plaintiff on that claim.  Therefore, the undersigned recommends that plaintiff be granted default

17   judgment against defendants on plaintiff's ADA claim and award plaintiff an injunction

18   requiring defendants to provide for the correct number and type of properly configured disabled

19   parking space(s) including a van accessible disabled parking space, accessible route,

20   accessibility signage and striping in accordance with the ADA and the ADAAG.  *See* 42 U.S.C.

21   § 12188(a)(2) (authorizing injunctions under the ADA).

22

23         [5] Moreover, 28 C.F.R. § 36.304(b) specifically lists "Creating designated accessible parking spaces," "Installing ramps," and "Making curb cuts in sidewalks and entrances," as

24   examples of "steps to remove barriers."  Also, § 36.304(c) provides that: "A public accommodation is urged to take measures to comply with the barrier removal requirements of

25   this section in accordance with the following order of priorities. (1) First, a public accommodation should take measures to provide access to a place of public accommodation

26   from public sidewalks, parking, or public transportation.  These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces."

B.   Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.  Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision).  Additionally, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009).

Here, because plaintiff's complaint properly sets out the necessary elements for his ADA claim against defendants, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim.  Therefore, and because there are no policy considerations which preclude the entry of default judgment on this claim, *Eitel*, 782 F.2d at 1471-72, the court will recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim against defendants be granted.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4000 per violation, and "any attorney's fees that may be determined by the court in addition thereto."  *Id.* § 52(a).  Plaintiff seeks $8,000 in damages for violation of the Unruh Civil Rights Act, based on two actual visits to defendants' property.  Dckt. No. 22 at 4.  The court will recommend that plaintiff be awarded those statutory damages.

////

III.   <u>CONCLUSION</u>

Based on the foregoing findings, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for default judgment against defendants Robert D. Henson and Shauna L. Henson be GRANTED;

2.  Plaintiff be awarded statutory damages in the amount of $8,000;

3.  Plaintiff be granted an injunction requiring defendants to provide for the correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space, accessible route, accessibility signage and striping in accordance with the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 C.F.R. Part 36; and

4.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE